# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BILLY JOE YOUNG,

      Petitioner/Defendant.

v().

      Case No. CIV-13-056-RAW
      (Underlying Case No. CR-10-090)

UNITED STATES OF AMERICA,

      Respondent/Plaintiff,

## ORDER & OPINION

Before the court is Billy Joe Young's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence [Docket No. 1]. On January 27, 2011, Petitioner pled guilty to Count 1 of the Indictment, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 13, 2011, Petitioner was sentenced to 188 months in prison, followed by 3 years of supervised release. The Judgment was entered on July 20, 2011. Petitioner appealed his conviction. On March 16, 2012, the Tenth Circuit entered an order and judgment dismissing his appeal. Petitioner did not seek review from the Supreme Court. Petitioner's motion is timely.[1]

Petitioner initially raised two ineffective assistance of counsel claims for relief in his

---

[1] "A one-year period of limitation applies to [a] habeas petition. 28 U.S.C. § 2255. The limitation period runs from the date on which the judgment of conviction becomes final . . . ." United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005) (citations omitted).
    In this case, the judgment of conviction became final when the time for filing a petition for a writ of certiorari expired. Clay v. United States, 537 U.S. 522, 527 (2003); United States v. Prows, 448 F.3d 1223, 1227 (10th Cir. 2006). The time for filing a petition for a writ of certiorari is ninety days after the entry of judgment." United States v. Ramos, 150 Fed.Appx. 752, 753 (10th Cir. 2005) (citations omitted). As the habeas motion was filed on February 4, 2013, less than a year after the judgment became final, it is timely.

habeas motion – that his counsel was ineffective for failing to: (1) object to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), enhancement because Oklahoma's burglary statute is overbroad for purposes of the enhancement; and (2) challenge the Government's failure to give him notice of the enhancement before his plea. On July 22, 2013, Petitioner filed an "amendment," which the court construes as a motion to supplement his habeas motion to add the June 20, 2013 Supreme Court opinion in Descamps v. United States, 133 S.Ct. 2276 (2013) [Docket No. 8].

The court hereby grants the motion to add Descamps. For the reasons set forth below, the habeas motion is denied on all grounds. In his habeas motion, Petitioner requests an evidentiary hearing. As the motion and the files and records of the case conclusively show that Petitioner is entitled to no relief, no evidentiary hearing is necessary.

**FACTUAL AND PROCEDURAL BACKGROUND**

A Criminal Complaint was filed in this action on November 30, 2010. The Complaint included that his possession of the firearm was in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The Indictment was later filed on December 8, 2010 and included only § 922(g)(1).[2] At his change of plea hearing on January 27, 2011, Petitioner was informed by the Magistrate Judge that he could be subject to the provisions of § 924(e) and that if so, there was a mandatory sentence of at least 15 years. Docket No. 44 at 16-17. The Magistrate Judge further informed him that his maximum sentence could be up to life in prison. Id. Petitioner stated that he understood all of

---

[2]The court notes that for § 924(e) to apply to a defendant's sentence, the Government is not required "to charge in an indictment or prove to a jury either the existence of prior convictions or their classifications as 'violent felonies.'" United States v. Moore, 401 F.3d 1220, 1221 (10th Cir. 2005).

this.  Id.  Petitioner still chose to plead guilty.

Before his conviction in this court, Petitioner had three prior violent felony convictions: (1) Burglary Second Degree in Adair County, Oklahoma, (2) Burglary Second Degree in Adair County, Oklahoma, and (3) Commercial Burglary in Benton County, Arkansas.  Based on these convictions, Petitioner was classified as an armed career criminal.  His guideline sentencing range was 188 to 235 months.

On June 2, 2011, Petitioner's attorney informed the United States Probation Officer that Petitioner objected to his status as an armed career criminal because: (1) the prior burglaries were of businesses, not dwellings, and were not occupied at the time of the crimes, and (2) the Indictment did not include § 924(e).  Counsel also noted that Petitioner believed he was not informed of the possible range of punishment prior to his change of plea.  At the sentencing hearing on July 13, 2011, counsel again informed the court of Petitioner's objections.  The court overruled these objections, finding that Petitioner was informed of the enhancement prior to his plea and finding Petitioner to be an armed career criminal subject to the enhancement.

On appeal, Petitioner argued that the ACCA enhancement should not apply to him because one of his prior burglary convictions was for commercial burglary, not burglary of a dwelling, and therefore it was not a violent felony.  The Tenth Circuit rejected his argument and dismissed his appeal as frivolous.

**INEFFECTIVE ASSISTANCE CLAIMS**

In order to prevail on his claims of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984).  Under this test, Petitioner must show both that his counsel's performance was deficient and that the

3

deficiency prejudiced his defense.  Id. at 687.

He must show that his counsel's "representation fell below an objective standard of reasonableness."  Id. at 688.  "Judicial scrutiny of counsel's performance must be *highly deferential*.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. at 689 (emphasis added).

A reviewing court must make every effort "to evaluate the conduct from counsel's perspective at the time."  Id.  Moreover, a convicted defendant "must overcome the *presumption* that, under the circumstances, the challenged action '*might be considered sound trial strategy*.'"  Id. (citation omitted) (emphasis added).  "There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way."  Id.

To prevail, a Petitioner must also show that the error had an effect on the judgment in his case.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  Id. at 691.  Even if an error had some conceivable effect, that is not enough to set aside a judgment.  Id. at 693.  Instead, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

While a defendant must prove both deficient performance and prejudice before he is entitled to relief, the court need not address the elements in that order.  Id. at 697.  "If it is easier

4

to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." Id. Moreover, "the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment." Id.

**Notice of § 924(e) Enhancement Before Plea**

As noted above, Petitioner was notified at his change of plea hearing that he could be subject to the ACCA enhancement, which would call for a mandatory sentence of not less than 15 years and that his maximum sentence could be up to life in prison. Petitioner's argument that he was not informed of the possibility of the enhancement or sentence is factually incorrect. Additionally, prior to and at sentencing, Petitioner's counsel informed the court that Petitioner believed he had not been informed. Again, Petitioner is incorrect – his counsel did inform the court of his objection. This court reviewed the change of plea transcript at sentencing and ruled then that he had been informed. As Petitioner has shown no deficient performance by his attorney or prejudice, his motion is denied as to this argument.

**Oklahoma's Burglary Statute and § 924(e)**

Petitioner argues that his counsel did not inform the court of his objection regarding his prior burglary convictions not qualifying him for the ACCA enhancement. In fact, Petitioner's counsel did inform the court of those objections, and the court overruled them. Section 924 (e) is not limited to burglaries of dwellings. Taylor v. United States, 495 U.S. 575, 593-99 (1990). On appeal, the Tenth Circuit upheld this court's ruling, noting that it is fully consistent with Supreme Court precedent. Moreover, as the Circuit Court mentioned, the record contains the informations

and judgments for all three prior convictions. As Petitioner has shown no deficient performance by his counsel or prejudice, his motion fails on this ground as well.

**Descamps**

The Supreme Court issued the Descamps decision not long after the Tenth Circuit's dismissal of Petitioner's appeal. Petitioner requested that the court evaluate whether he should have been subject to the ACCA post Descamps. For the reasons set forth below, the court finds that Petitioner is still subject to the enhancement.

The ACCA "increases the sentences of certain federal defendants who have three prior convictions 'for a violent felony,' including 'burglary, arson, or extortion.'" Descamps, 133 S.Ct. at 2281. In determining whether a past conviction qualifies as one of these "predicate offenses," the Supreme Court has approved the use of a "categorical approach" and a "modified categorical approach." Id. The "categorical approach" is to compare the elements of the underlying statute with the elements of the "'generic' crime– *i.e.*, the offense as commonly understood." Id. The elements of "generic burglary" are "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. at 2283 (emphasis added). To qualify as a predicate offense, the underlying statute must include each element of the generic offense. Id.

A "modified categorical approach" is used when the "prior conviction is for violating a so-called 'divisible statute.'" Id. at 2281. A divisible statute conforms to the elements of the generic crime, but "sets out one or more elements in the alternative–for example, stating that a burglary involves entry into a building *or* an automobile." Id. When one alternative matches a generic offense element, but the other does not, the modified categorical approach allows courts

to look to the record to determine which alternative formed the basis of the prior conviction.  Id.
This approach was first applied by the Supreme Court in Taylor v. United States, 494 U.S. 575 (1990).  The modified categorical approach is a tool that helps implement the categorical approach when the underlying statute is divisible; it is not an exception.  Descamps, 133 S.Ct. at 2285.

Before the Supreme Court in Descamps was whether the California burglary statute could serve as a predicate offense under the ACCA.  The California burglary statute defined burglary more broadly than the generic offense, including simple shoplifting.  Descamps, 133 S.Ct. at 2285.  It did not require breaking and entering.  Id. at 2286.  The district court used the modified categorical approach to determine that the defendant had committed the generic offense and consequently enhanced his sentence under the ACCA.

The Supreme Court pointed out that its precedent never allowed such a use of the modified categorical approach.  Id. at 2283-93.  The modified categorical approach is only to be used when a statute that otherwise conforms to the generic offense, including all of the elements, sets out one or more of those elements in the alternative.  Id.  Because the California statute did not include the unlawful entry element, an element of the generic offense, it was not a "divisible" statute to which the modified categorical approach could be applied.  Id.

Descamps did not recognize a new right.  Instead, the Supreme Court simply applied current law to the facts before it.  In fact, the Supreme Court noted that it had indicated in Taylor "that the very statute at issue" could not be a predicate offense because it did not include all of the elements of generic burglary.  Id. at 2283.

The ruling in Descamps does not change the outcome of Petitioner's case.  Unlike

California's burglary statute, both Oklahoma's second-degree burglary statute[3] and Arkansas' commercial burglary statute[4] include all of the elements of generic burglary, including unlawful entry with intent to commit a crime.

**CONCLUSION**

As stated above, Petitioner's motion to supplement his habeas motion [Docket No. 8] is GRANTED. For the reasons stated above, Petitioner's habeas motion is DENIED on all grounds. As the motion and the files and records of the case conclusively show that Petitioner is entitled to no relief, Petitioner's motion for an evidentiary hearing is DENIED.

It is so Ordered this 17th day of December, 2014.

**Dated this 17th day of December, 2014.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[3] Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.
21 OKLA. STAT. § 1435.

[4] A person commits commercial burglary if he or she enters or remains unlawfully in a commercial occupiable structure of another person with the purpose of committing in the commercial occupiable structure any offense punishable by imprisonment.
ARK. CODE ANN. § 5-39-201.